D issentinu Opinion.
The opinion of the court was delivered by
Fenner, J.
In the first opinion which this court rendered as to the effect of that clause of Art. 210 of the Constitution, which directs that taxes shall be collected “without suit,” we held that the payment of taxes, whether due to the State or to municipal corporations, can not be enforced by a suit, but only in the mode provided by the revenue laws of the State, passed in conformity to that article. Mayer vs. Heyman, 35 An. 301; Mayor vs. Williams, Id. 329.
*1147 From that ¿ate down to the rendition of the opinion in this case, this has been accepted as settled law in this State. McGuire vs. Voght, 36 An. 812; Reed vs. Creditors, 39 An. 120; Suc. of Stewart, 41 An. 127; State vs. Meyer, Id. 438.
In the last case just quoted we reaffirmed the doctrine most explicitly, and sustained the judicial proceeding authorized, on the ground that it was not a suit for taxes, nor a suit employed as a means of collecting taxes, but a mere invocation of judicial aid to compel the production of the property subject to taxes, not to condemn it to the payment of taxes, but simply to enable the Tax Collector to seize and sell it without suit in the manner required by the Constitution.
Two cases are quoted in which we considered and disposed of op- . positions for taxes filed in succession proceedings. Suc. of Dupuy, 33 An. 260; Reed vs. Creditors, 41 An. 120.
But in the first case no contest was made on this point, and it was treated as a consent proceeding, as we said in referring to it in the recent case of Succession of Girardey, 42 An.
And in the other case it appears that the syndic had himself procured a judgment canceling the tax inscriptions and referring the taxes to the proceeds, and we held that, under such state of facts, neither the syndic nor other creditors could contest the right of the Tax Collector to claim payment out of the.proceeds.
No such state of facts exists in this case. Theproperty subject to the taxes is extant, and the inscriptions of the same remain in force. Nothing hinders the collector from proceeding in the exclusive mode provided by the Constitution and law of the State. He simply chooses to proceed in a different manner and in one prohibited by the Constitution. An opposition, the object of which is to obtain a judgment for payment of a claim against a succession representative, is a suit. Its purpose and effect are to enforce the collection of taxes by suit, which the Constitution prohibits, and by a proceeding different from that directed in the revenue law, which we have held to be the only permissible mode.
If taxes due by a succession may be enforced by judicial proceedings taxes due by all persons may likewise be so enforced and the prohibition of the Constitution is nullified.
*1148 We have recently held that tax privileges could not be extinguished even by a succession sale of the property, and could not be-referred to the proceeds. Succession Giraredy, 42 An.
If they are not, and can not be, referred to the proceeds of property sold, what right has the Tax Collector to resort to such proceeds for payment?. And howmuch less right has he to claim payment, as he does in this case, out of proceeds of other property? We held, only the other day, that the Tax Collector could resort to no property other than that specifically taxed, until he first shows that by the act of tax debtor the seizure of this property has been rendered impossible. Meyer vs. Tax Collector, 41 An. 440.
No such showing is made or pretended here.
I shall not enter into discussion of the question whether or not there exists a personal liability for taxes. It is a purely abstract question. Personal obligations can only be enforced by suit, and since suits for taxes are prohibited by the Constitution, the question is robbed of practical significance, except in so far as it may arise in proceedings expressly provided by the revenue law, like those discussed in Meyer vs. Tax Collector, 41 An. 442, where we held that “when the tax debtor has placed it out of the power of the Tax Collector to collect his taxes in the mode required, he can not take advantage of his own wrong, and the Legislature may provide other means to enforce their payment.”
But we did not even then finally affirm the constitutionality of such provisions. We found it sufficient to hold that the Tax Collector could, under no circumstances, resort to other property until he had established, in the mode provided by the law, that the tax debtor had, by his own act, rendered the seizure of property taxed impossible.
Here the Tax Collector proceeds “by suit,” in a manner not directed or authorized by the revenue law, to collect taxes out of property not assessed for the same, without the slightest proof or even assertion that the property assessed is not open to seizure.
Such a proceeding involves both manifest and manifold violations of the organic law.
I therefore dissent.